# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE W. LINDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6850 | **DATE** | December 12, 2007 |
| **CASE TITLE** | Mario L. Hearring (#K-84655) vs. Chicago, Illinois, Police Dept., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is stricken. The plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from June 3, 2007, through December 3, 2007]. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff seeks the refund of $500.00 that was allegedly seized in April 2006 pending civil forfeiture proceedings.

The Clerk has accepted this *pro se* complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition is not certified, and the plaintiff has failed to include copies of his prison trust fund ledgers.

If the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is,
**(CONTINUED)**

mjm

**STATEMENT (continued)**

from September 9, 2006, through March 9, 2007]. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

    The plaintiff would be well advised to perform some basic legal research before pursuing his claim, as the court discerns no basis for federal jurisdiction. An unauthorized, intentional deprivation of property by a state actor does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). An exhibit attached to the complaint instructs the plaintiff how to seek return of the seized cash. In addition, the Illinois Court of Claims provides the plaintiff with an adequate remedy to redress his property loss. The plaintiff may also file an action in the state circuit court for the tort of conversion. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State has provided an adequate post-deprivation remedy, the loss of the plaintiff's property does not appear to be actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002). The plaintiff may therefore wish to consider re-filing suit in the state court system.